*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0199p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　　*Plaintiff-Appellee,*

　　*v.*

JERRY WAYNE MATHENY, JR.,

　　　　　　*Defendant-Appellant.*

No. 05-6282

>

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 04-00066—Thomas A. Wiseman, Jr., District Judge.

Argued: May 12, 2006

Decided and Filed: June 16, 2006

Before: SILER and ROGERS, Circuit Judges; JORDAN, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Sumter L. Camp, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Philip H. Wehby, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** Sumter L. Camp, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Philip H. Wehby, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

ROGERS, Circuit Judge. This case concerns (1) whether defendant Jerry Matheny received adequate notice, pursuant to Federal Rule of Criminal Procedure 32(h), of specific grounds for an upward departure from the advisory guidelines recommended range, (2) whether the sentence imposed was reasonable, and (3) whether the district court's consideration of Matheny's prior arrest requires reversal under plain error review. Matheny pled guilty to being a felon in possession of a firearm, distributing marijuana, and possessing dihydrocodeinone with the intent to distribute. The district court determined that, under the federal sentencing guidelines, the proper sentencing range was from 24 to 30 months' imprisonment. The district court, nevertheless, decided that the

_____

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1

guidelines range failed to account for the seriousness of Matheny's criminal history. The district court thus imposed an upward departure and sentenced Matheny to thirty-six months' imprisonment.

We affirm Matheny's sentence. First, Matheny received sufficient notice of specific grounds for an upward departure. Second, the district court's sentence was reasonable. Finally, although the district court may have committed error in considering one of Matheny's prior arrests when imposing sentence, this error does not require reversal because it was not plain and did not affect Matheny's substantial rights.

In March 2003, Matheny sold a quarter pound of marijuana and 48 Lortabs (dihydrocodeinone) to a confidential informant working with the Metro Nashville police. Immediately prior to the informant's drug purchase, Matheny, with his wife's permission, sold his wife's gun to the informant. Matheny later testified that he had originally purchased the pistol for his wife because she felt uncomfortable when she was working alone at their business. Two days later, the informant purchased more marijuana and two oxycodone pills from Matheny. All of these transactions occurred at Matheny's business. When the officers executed a valid search warrant at Matheny's business several days later, they recovered about a pound of marijuana, 36 oxycodone tablets, and 129 dihydrocodeinone pills.

A federal grand jury returned an eight-count indictment against Matheny. Matheny agreed to plead guilty to three of the eight counts: being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924; distributing marijuana, in violation of 21 U.S.C. § 841(a)(1); and possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

The Presentence Report (PSR) recommended a criminal history category of I. Matheny had three prior convictions: one two-count, state-court misdemeanor conviction in 1988 for simple possession of marijuana and possession of a weapon; one state-court, class-E felony conviction in 1991 for possession of marijuana with intent to deliver; and one five-count, state-court multiple-felony conviction in 1999 for possession of marijuana, intent to deliver, and possession of a weapon.[1] Matheny never spent any time in jail for any of his convictions because all of his sentences were suspended. Only the 1999 conviction was counted towards his criminal history category; the 1988 and 1991 convictions were not counted by operation of U.S.S.G. § 4A1.2(e)(3). Although he was also arrested four other times (in 1982, 1984, and twice in 1985), all of these charges were either dismissed or had unknown dispositions. The 1982 arrest was for possession of a controlled substance for resale, but this charge was dismissed.

The PSR recommended a total offense level of 21. The PSR recommended a base offense level of 20, a four-point enhancement for Matheny's possession of a firearm in connection with the drug sales, and a three-point reduction for acceptance of responsibility. The PSR's recommended guidelines range was 37 to 46 months of imprisonment.

In the section of the PSR entitled "FACTORS THAT MAY WARRANT DEPARTURE," the PSR stated as follows:

> Presentation of information in this section does not necessarily constitute a recommendation by the probation officer.
>
> Pursuant to U.S.S.G. § 4A1.3, if reliable information indicates the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood the defendant will commit other crimes, the Court may

---

[1] Class E felonies are the least serious felonies under Tennessee law. *See* Tenn. Code Ann. §§ 40-35-110, 111. The charges in the 1999 conviction were for three Class E felonies and one Class D felony.

consider imposing a sentence departing from the otherwise applicable guideline range.

The United States had no objections to the PSR, and it did not request any upward departure in its position paper. At the sentencing hearing, the United States argued that "if anything this individual, Mr. Matheny's criminal history . . . would be understated. He has had the repeated criminal conduct. . . ." The United States ended its argument by saying that "this is a man that should serve a sentence and that sentence should be within the applicable guidelines as determined by Your Honor."

At the sentencing hearing, Matheny testified that he had begun smoking marijuana at age thirteen. He stated that he began using painkillers after his mother died. To support his drug habit, Matheny sold drugs to three or four regular customers. Matheny also testified that he had successfully completed a drug treatment program after his arrest for the instant charges and that he had not taken any drugs since then. He also testified that he had begun working for Trees, Inc., which provided enough income to support his family.

Matheny objected to the PSR's four-point sentencing enhancement for using a firearm in connection with the drug sale, arguing that the firearm was part of an independent transaction, not part of the drug sale. Although the district court described the resolution of the enhancement issue as a "close call," the district court decided not to impose the four-point enhancement. The district court then noted that the total offense level, without the four-point enhancement, was 17 and that the corresponding guideline range was 24 to 30 months of imprisonment.

The district judge then stated as follows:

> The Court has, of course, considered the guidelines range and furthermore pursuant to 18, United States Code, 3553, the Court has considered the factors set out therein. The history and characteristics of the defendant are certainly considered in that he has been an addict since his childhood and he has been involved in multiple drug offenses.
>
> The Court has also considered the fact that he has made a substantial effort toward rehabilitation.
>
> Then under [section 3553(a)(2)], the seriousness of the offense, promotion of respect for the law and provide just punishment for the offense [sic], this Court does not believe that this case deviates from the heartland of drug sales, and that has been so over the past 27 years. This man was selling drugs to even make money. Even though it was just to support his habit but, nonetheless, he was in the business of selling drugs for a long period of time.
>
> He was first caught when he was 18 years old and he got a break from the justice system at that time by dismissing the charge.
>
> Then when he was 23, again, he was caught with possession, and possession of a weapon. And it was reduced. Two pounds of marijuana is certainly more than, presumptively, to be available for use, for personal use. But he got a break and was put on probation, unsupervised probation.
>
> Again when he was 26—he wasn't caught for three years in there—but he was arrested again for possession of marijuana with intent to deliver, also possession of a weapon at the time and again he got a suspended sentence.

> Then in 1999 when he is 35, again he gets arrested for not only selling marijuana but having possession of a weapon. And again he got a suspended sentence with probation.

> This man has never really had to pay for his violation of the law and . . . his criminal history under represents, severely under represents the seriousness of his criminal history.

The district court sentenced Matheny to 36 months of imprisonment and required Matheny to participate in an intensive drug treatment program. The district court noted that it considered the seriousness of the offense, the need to afford deterrence, and the need to protect the public from Matheny's criminal behavior. The district court recommended that Matheny be incarcerated at a prison near Nashville, as long as that prison had a drug treatment program. The district court also imposed three years of supervised release following Matheny's incarceration.

The district court then asked, "Anything further? Have I omitted anything?" The United States then moved to dismiss the remaining counts of the indictment, and the district court granted the motion. After discussing Matheny's right to appeal and the time by which Matheny needed to report to the Bureau of Prisons, the district court again inquired, "Anything further?" Both the United States and defense counsel responded negatively.

Matheny filed a timely notice of appeal.

This court reviews de novo the legal issue of whether the notice received by Matheny was sufficient notice of grounds for a departure under Rule 32(h). *See United States v. Dozier*, 444 F.3d 1215, 1217 (10th Cir. 2006); *accord United States v. Andrews*, 390 F.3d 840, 844 (5th Cir. 2004).[2] This court reviews Matheny's sentence for reasonableness. *United States v. Williams*, 436 F.3d 706, 707 (6th Cir. 2006); *see also United States v. Booker*, 543 U.S. 220, 261 (2005) (Breyer, J., writing for the majority).

With these standards in mind, we affirm Matheny's conviction. Matheny received sufficient notice under Rule 32(h) of specific grounds for an upward departure. Also, his sentence was reasonable. Although the district court may have committed error in considering one of Matheny's prior arrests, any error does not require reversal because the error was not plain and did not affect Matheny's substantial rights.

The PSR provided Matheny sufficient notice under Federal Rule of Criminal Procedure 32(h) that grounds existed for an upward departure. Rule 32(h) states as follows:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

---

[2]Because we conclude that there was no error concerning notice, we need not resolve here whether harmless or plain error review is appropriate when the party challenging Rule 32(h) notice on appeal does not object in the district court. *Compare United States v. Williams*, No. 03-3575, 2004 WL 1043096, at *1 (6th Cir. May 6, 2004) (stating that no objection is necessary after the district court has imposed sentence), *with United States v. Meeker*, 411 F.3d 736, 744 (6th Cir. 2005) (stating that failure to object requires plain error review). *Compare also United States v. Jones*, 444 F.3d 430, 443 (5th Cir. 2006) (applying plain error review when defendant did not object), *and United States v. Sharp*, 436 F.3d 730, 734 (7th Cir. 2006) (same), *with United States v. Monroy*, No. 04-3234, 2005 WL 1406169, at *1 (10th Cir. June 16, 2005) (reviewing for harmless error even though government did not object in the district court).

Promulgated as a rule in 2002 to codify the Supreme Court's opinion in *Burns v. United States*, 501 U.S. 129 (1991), *see* Fed. R. Crim. P. 32(h) advisory committee's note (2002 Amendments), this notice requirement is intended to provide "focused, adversarial development of the factual and legal issues relevant to determining the appropriate Guidelines sentence," *Burns*, 501 U.S. at 134. Rule 32(h) applies to both upward and downward departures. *See* Fed. R. Crim. P. 32(h) advisory committee's note (2002 Amendments); *Burns*, 501 U.S. at 135 n.4. In this appeal, Matheny argues first that there was no indication, until the district court imposed sentence on Matheny, that an upward departure would occur in this case. He next argues that, if the PSR did suggest that an upward departure may have been appropriate, the PSR nevertheless failed to specify grounds for an upward departure.[3] Both of these arguments fail.

The PSR provided reasonable notice that an upward departure was possible in this case, and thus the district court's decision to depart was not a surprise at the sentencing hearing. In his brief to this court, Matheny argues, "The first hint that appellant had that the sentencing court was considering a sentence higher than that computed under the Guidelines was when the sentence was actually imposed at the end of the hearing." Matheny's assertion, however, ignores the fact that the PSR stated in the section labeled "FACTORS THAT MAY WARRANT DEPARTURE":

> Presentation of information in this section does not necessarily constitute a recommendation by the probation officer.
>
> Pursuant to U.S.S.G. § 4A1.3, if reliable information indicates the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood the defendant will commit other crimes, the Court may consider imposing a sentence departing from the otherwise applicable guideline range.

Clearly, the PSR provided notice that there were potential grounds, concerning Matheny's criminal history, for an upward departure. This is not a case in which the PSR "'explicitly stated' that there were no factors warranting an upward departure." *United States v. Hawk Wing*, 433 F.3d 622, 627 (8th Cir. 2006); *see also Burns*, 501 U.S. at 131 (noting that the PSR stated that "[t]here are no factors that would warrant departure from the guidelines sentence"). Therefore, the PSR suggested that there were grounds upon which the court could impose an upward departure.

Not only was there notice, but the Eighth Circuit has recently concluded that a similar statement in a PSR constituted notice that was sufficient under Rule 32(h). In *Hawk Wing*, 433 F.3d at 626, "the PSR stated, under the heading 'Aggravating or Mitigating Circumstances,' that 'the defendant has an extensive criminal history for which no criminal history points were assigned.'" The court held that, even though the PSR did not affirmatively recommend an upward departure, the PSR satisfied Rule 32(h) because "the PSR included a specific ground that could form the basis for an upward departure—a criminal history for which no criminal history points were assigned . . . ." *Hawk Wing*, 433 F.3d at 627; *see also United States v. Anders*, 899 F.2d 570, 573, 576-77 (6th Cir. 1990) (holding that there was sufficient notice when the PSR listed factors for, but did not recommend, departure for one co-defendant). The Eighth Circuit's reasoning is sound because Rule 32(h), by its own terms, does not require that the PSR *recommend* an upward departure. *See* Fed.

---

[3]In the headings in his brief, Matheny states that the district court violated his Fifth Amendment right to due process by denying him sufficient notice that the court was contemplating an upward departure. There is no need to turn to the Constitution here. In *Burns*, the Supreme Court stated that "were we to read Rule 32 to dispense with notice, we would then have to confront the serious question whether notice in this setting is mandated by the Due Process Clause." 501 U.S. at 138. Because the notice was sufficient in this case, we can resolve this issue under the Federal Rules of Criminal Procedure. *See United States v. Carey*, 382 F.3d 387, 394 n.3 (3d Cir. 2004).

R. Crim. P. 32 (h) ("Before the court may depart from the applicable sentencing range on a ground not *identified* for departure . . . in the presentence report . . .") (emphasis added).

Similarly in Matheny's case, the PSR did not recommend a departure, but the PSR identified that the criminal history category may not have reflected the seriousness of Matheny's past conduct. Moreover, the PSR discussed the departure in a section with a heading that, more clearly than the heading in *Hawk Wing*, indicated that the PSR referred to Matheny's criminal history as a factor for purposes of a guidelines departure. As in *Hawk Wing*, the PSR gave Matheny notice that a departure was possible, by identifying specific grounds for departure, even if the PSR did not recommend an upward departure.

Although Matheny argues that the PSR, by stating two grounds justifying departure, failed to identify with specificity the grounds upon which departure may have been warranted, this court has already rejected a similar argument in another case concerning Rule 32(h). In *United States v. Meeker*, this court held that the following language in a letter from the district court provided sufficient notice for an upward departure:

> The parties are hereby placed on notice that under [the Guidelines] . . . the Court is considering an upward departure from the sentencing guideline range in this case. Such departure would be in accordance with U.S.S.G. § 2F1.1, Application Note 11.

411 F.3d 736, 739 (6th Cir. 2005). The defendant in *Meeker* argued that, because Application Note 11 provided six grounds for an upward departure, the district court's notice could not have specified the grounds upon which it was considering a departure. *Id.* at 745. This court first held that four of the six factors were "clearly inapplicable" and then stated that, "[a]s for the two remaining grounds, [defendant's] counsel could easily have anticipated and been prepared to argue that an upward departure was inappropriate on those grounds." *Id.* Likewise, in this case, Matheny suggests that the PSR did not specify the applicable grounds because it mentioned two grounds for upward departure: (1) the criminal history category did not reflect the seriousness of Matheny's criminal history, and (2) it was likely that Matheny would commit other crimes in the future. He offers no reason why he could not have been as prepared as the defendant in *Meeker* to discuss these two identified grounds. The two grounds proposed in the PSR were related: Matheny's recidivism, which was clearly described in the criminal history section of the PSR, was unaccounted for in the criminal history category and revealed that he had not stopped his illegal drug possession and sales after three convictions. The two related grounds mentioned in the PSR permitted a focused, adversarial development of the factual and legal issues, and thus the notice complied with the dictates of Rule 32(h). *See Burns*, 501 U.S. at 134.

Contrary to another of Matheny's arguments, the PSR is required only to give notice, not to explain its rationale. Matheny relies primarily upon this court's decision in *United States v. Anders*, 899 F.2d 570 (6th Cir. 1990), in arguing that the PSR's notice was not sufficient because it failed to "specifically address[] factors that may warrant departure from the Guidelines." *Anders*, 899 F.2d at 576-77. Matheny notes that in *Anders* the PSR listed the convictions of both co-defendants as factors for departure in the section of the PSR concerning departures. *See Anders*, 899 F.2d at 577 n.12, 581. But there is no meaningful difference between listing crimes in the section concerning departure and referring to crimes that have been described in detail earlier in the PSR. *See Hawk Wing*, 433 F.3d at 627 ("[W]hen a PSR indicates that the defendant's convictions could support an upward departure, . . . '[n]o other form of notice is required . . . .'") (quoting *United States v. Drapeau*, 110 F.3d 618, 620 (8th Cir. 1997)). Matheny offers no reason why listing the convictions, already described, would have better enabled him to contest the suggestions in the PSR.

Matheny makes a closely related, and equally unavailing, argument that the PSR's statement concerning departure was equivocal and failed to provide sufficient notice. The PSR says, as

Matheny points out, "*if* reliable information indicates the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct *or* the likelihood the defendant will commit other crimes, the Court *may* consider imposing a sentence departing from the otherwise applicable guideline range." Matheny argues that this language left him to guess whether his criminal history category was inadequate, and, if so, why it was inadequate. But, in context, the PSR was clearly implying that the criminal history category was inadequate because the parties agreed that two of the convictions were not counted, and all convictions were for the same kinds of crimes. Matheny has offered no basis for inferring that his criminal history category *over* represented his criminal history. The PSR provided sufficient notice under Rule 32(h), so the district court, contrary to Matheny's argument, was not required to give independent notice of its intent to make an upward departure. *See Hawk Wing*, 433 F.3d at 627 (referring to *Burns*, 501 U.S. at 138).[4]

Matheny's sentence is also reasonable. The district court considered the various factors in § 3553(a), and the imposed sentence, even with the upward departure, was reasonable in light of the fact that Matheny had prior convictions for drug offenses and weapon possession, yet always received suspended sentences. Although the district court should not have considered one of Matheny's prior arrests, this error does not require reversal under plain-error review.

A sentence of thirty-six months' imprisonment was reasonable. Because Matheny does not argue that a sentence within the recommended guideline range would have been unreasonable, we assume that a sentence of up to thirty months' imprisonment was reasonable. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). A sentence six months longer was also reasonable in light of Matheny's criminal history and recidivism. Two of Matheny's previous convictions were not counted toward his criminal history category. Moreover, these convictions were for possession of drugs and possession of a weapon, the same crimes to which Matheny pled guilty in this case. His criminal history, not fully accounted for in the criminal history category, demonstrates that he has little respect for the law and has not been adequately deterred from engaging in unlawful activities. *See* 18 U.S.C. § 3553(a)(2). The district court's six-month enhancement was not an unreasonable way to ensure that Matheny understood that his recidivism is not acceptable.

The district court also considered all relevant factors listed in § 3553(a) in imposing sentence. The district court stated that it considered, pursuant to § 3553(a)(1), the fact that Matheny had his drug addiction since childhood, that he had several drug offenses, and that he had made a substantial step towards rehabilitation. The court then said that, as required by § 3553(a)(2), it considered the nature of the crime and Matheny's criminal history and recidivism. The court next stated that, considering § 3553(a)(2)(D), it was recommending that Matheny be placed in a drug treatment program. The court finished by noting that it had considered the kinds of sentences available and found that "the only appropriate sentence in this case is incarceration." *See* § 3553(a)(3). In considering the kinds of sentences available, the court recommended that Matheny serve his sentence at the federal institution nearest Nashville, where Matheny's family lives, and the district court also found that Matheny did not have the net worth to pay costs and fines. *See* § 3553(a)(3). The district court also noted that the guidelines were advisory, after determining the applicable advisory guidelines range. *See* § 3553(a)(4).

---

[4]Arguably the district court in this case did not actually make an upward departure pursuant to the guidelines but instead increased the sentence in response to the factors listed in 18 U.S.C. § 3553(a). The Eighth Circuit has held that no notice is required under Rule 32(h) when the district court sentences above the recommended guidelines range in response to the listed factors. *See United States v. Egenberger*, 424 F.3d 803, 805-06 (8th Cir. 2005). The parties have not treated the district court's sentence as a variance, and the district court's sentence in this case can reasonably be understood to be a departure. We need not decide whether any notice was required under Rule 32(h) before the district court "varied" from the sentencing guidelines pursuant to the advisory nature of the guidelines, as opposed to "departing" under U.S.S.G. § 4A1.3.

Matheny does not argue that the district court failed to consider a pertinent sentencing factor; instead, Matheny argues that the district court ignored his successful rehabilitation efforts. But the court expressly stated, "The Court has also considered the fact that he has made a substantial effort toward rehabilitation." Contrary to Matheny's implicit argument, Matheny's rehabilitation does not mean that the district court must discount Matheny's recidivism. Moreover, the district court recognized Matheny's efforts by recommending drug treatment for Matheny so that he could continue to progress while serving his term of imprisonment. The district court, therefore, adequately considered Matheny's rehabilitation efforts.

Also contrary to Matheny's argument, the district court did not overly emphasize Matheny's criminal record. Matheny argues that, because his 1988 conviction was for two misdemeanors and his 1991 conviction was for the least serious felony recognized under Tennessee law, his criminal history category did not *substantially* under-represent his criminal history. Matheny, however, offers no authority for the proposition that a defendant's misdemeanors and lower-level felonies should not be considered as part of a defendant's criminal history. The district court was permitted to consider misdemeanors and lower-level felonies to determine whether Matheny's criminal history was substantially under-represented under the guidelines' recommended sentence, especially considering that these crimes were similar to the crimes to which he pled guilty in federal court.

Although Matheny argues that the district court's sentence would have been three months shorter had the district court actually counted the two convictions as part of his criminal history, the additional three-month increase did not cause Matheny's sentence to be unreasonable. Matheny argues that even if his two prior convictions had been counted as part of his criminal-history category, the advisory guidelines range would have been 27 to 33 months of imprisonment. Although a sentence of 33 months of imprisonment may also have been appropriate, a sentence that is three months greater is not unreasonable simply because it is barely outside the advisory range. After all, this court's holding that sentences within the advisory guideline range are presumptively reasonable does not mean that sentences outside of that range are presumptively unreasonable. *See United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006).

Finally, the fact that the district court considered one of Matheny's arrests does not require reversal under plain error review. Matheny argues that the district court erred by considering Matheny's 1982 arrest for possession of a controlled substance and then erroneously concluding, without any support in the PSR, that the charge was dismissed simply because Matheny "got a break." As a preliminary matter, we review this challenge for plain error because Matheny did not object at the sentencing hearing. *See* Fed. R. Crim. P. 52(b). To reverse for plain error under Federal Rule of Criminal Procedure 52(b), there must have been error; the error had to have been plain; the error had to affect the defendant's substantial rights; and the error must have "seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Sharp*, 442 F.3d 946, 949-50 (6th Cir. 2006).

The district court should not have considered the prior arrest because there were no specific facts concerning that arrest. Section 4A1.3(a)(3) of the Guidelines states that "[a] prior arrest record itself shall not be considered for purposes of an upward departure." We agree with our sister circuits that district courts may consider prior arrest records only when the PSR provides specific facts surrounding the arrest. *See Hawk Wing*, 433 F.3d at 628 & n.4 (collecting cases from the Fourth, Fifth, Seventh, and Eleventh circuits). In this case, the district court did not have specific facts concerning the 1982 arrest, and there was nothing to suggest that Matheny was not prosecuted simply because the state wanted to give him another chance. Therefore, the district court erred in determining that Matheny "got a break."

The district court's error, nevertheless, does not require reversal. First, because this court, at least as far as we are aware, has never addressed the issue, the error was not plain. *See United*

*States v. Olano*, 507 U.S. 725, 734 (1993) (stating that "a court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law"). Second, as previously mentioned in this opinion, Matheny's prior convictions support the reasonableness of the district court's sentence. Because Matheny cannot demonstrate prejudice from the district court's consideration of one prior arrest, his substantial rights have not been affected. *See Hawk Wing*, 433 F.3d at 629 ("[W]e conclude that the district court had adequate grounds to depart upward despite its error in considering the prior arrests for which the PSR did not set forth the factual details."); *see also Olano*, 507 U.S. at 735 (stating that "[n]ormally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b)"). Matheny is not entitled to reversal under plain error review for the district court's erroneous consideration of one of his prior arrests.

For the foregoing reasons, we affirm Matheny's sentence.