NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0515n.06
Filed: July 19, 2007

Case No. 06-5165

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| BRADLEY MORGAN BURTON, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BATCHELDER and MOORE, Circuit Judges; MILLS[*], District Judge.

**ALICE M. BATCHELDER, Circuit Judge.** Appellant-Defendant Bradley Morgan Burton ("Burton") appeals the 72-month sentence imposed by the district court. Because we find that the sentence is both procedurally and substantively reasonable, we **AFFIRM**.

**I.**

In September 2002, an altercation developed between Bradley Burton and two other men at a bar in Westmoreland, Tennessee. Local police officers were called to the scene, and they arrested Burton after noticing a revolver in his pocket. The federal grand jury charged Burton with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In September 2005,

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Burton pled guilty to violating that statute, and the district court scheduled a sentencing hearing for January 2006.

The Presentence Investigation Report ("PSR") recommended an offense level of 21 with a criminal history category of VI, which would subject Burton to a guideline range of 77 to 96 months' imprisonment. The offense level calculation of 21 included a four-level enhancement for using the firearm in connection with another felony — namely, aggravated assault stemming from the altercation at the bar. Through an ATF agent who had investigated the incident, the government introduced second-hand testimony indicating that Burton had aimed his gun at another individual in the bar and threatened to shoot him. After hearing this testimony, as well as the defense's cross-examination of the agent, the district court found that the government failed to establish sufficient facts to support its requested four-level enhancement. Consequently, the district court reduced Burton's offense level to 17, which resulted in a guideline range of 51 to 63 months' imprisonment.

By way of mitigating evidence, Burton introduced testimony from his fiancée and his pastor regarding the recent transformation in his life. Defense counsel asked the court to consider Burton's newfound "hope for a better life" when calculating his sentence. Despite Burton's request for leniency, the district court sentenced him to 72 months' imprisonment — an upward variance of 9 months from the top of the guidelines range. The court began its discussion of Burton's sentence by acknowledging that Burton had one of the "most extensive criminal histories" the court had ever seen. The court then considered the facts of the case, noting that "the combination of alcohol and a firearm . . . possess a very serious and deadly combination." Turning back to the specific characteristics of the defendant, the court lamented the potentially disastrous effects of Burton's history of violence — which included "five prior convictions involving assaults," at least one of

which involved the "unlawful possession of a loaded weapon" — when combined with his alcohol problems. The court also acknowledged Burton's "need of intensive and extensive treatment for mental issues as well as alcohol and drug addiction," and mandated his participation in a mental health and substance abuse program. The court ultimately concluded that, "given [Burton's] criminal history [and] the increased opportunity for extensive mental health, drug[,] and alcohol counseling," the sentence was "appropriate" for him and "pose[d] the best prospect for [him] not appearing again in court." In its written statement supporting the 72-month sentence, the court similarly noted: "Based upon the defendant's extensive criminal history, the dangerous circumstances of the offense[,] and his serious mental condition requiring extensive treatment, the court finds this sentence to be necessary and appropriate."

## II.

A sentencing court's task is to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2), *see United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006), and our task on appeal is to review that sentence for reasonableness, *see Booker*, 543 U.S. at 261; *United States v. Lonnie Davis*, 458 F.3d 505, 510 (6th Cir. 2006) ("Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task."). In an effort to bring structure and clarity to appellate reasonableness review, our decisions "have distinguished between the procedural and substantive reasonableness of sentences." *United States v. William Davis*, 458 F.3d 491, 495 (6th Cir. 2006).

A sentence is procedurally reasonable if "the district court adequately considered and expressed its application of the relevant factors listed in 18 U.S.C. § 3553(a) to permit meaningful appellate review." *Davis*, 458 F.3d at 510 (quotations omitted). "The goal of the procedural

reasonableness requirement is to ensure that a sentencing court explains its reasoning to a sufficient degree to allow for reasonable appellate review." *United States v. Dexta*, 470 F.3d 612, 614 (6th Cir. 2006) (citing *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005)). While we have consistently required district courts to consider the Section 3553(a) factors, procedural reasonableness "does not require a rote listing," *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006), or a "'ritual incantation' of the factors," *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006) (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)), so long as the court provides "sufficient evidence in the record to affirmatively demonstrate [its] consideration of [the factors]," *Davis*, 458 F.3d at 510, and "to allow for reasonable appellate review," *Williams*, 436 F.3d at 709 (quoting *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005)).

We find that the sentence is procedurally reasonable. The record plainly establishes that the district court considered numerous Section 3553(a) factors. The judge calculated the proper guidelines range, *see* 18 U.S.C. § 3553(a)(4)(A) (directing district courts to consider the sentencing range set forth in the guidelines); he considered the circumstances of the offense and concluded that "the combination of alcohol and a firearm . . . possess a very serious and deadly combination," *see* 18 U.S.C. § 3553(a)(1) (directing sentencing courts to consider the "nature and circumstances of the offense"); 18 U.S.C. § 3553(a)(2)(A) (directing sentencing courts to impose a sentence that "reflect[s] the seriousness of the offense"); he continually emphasized Burton's "most extensive criminal histor[y]," *see* 18 U.S.C. § 3553(a)(1) (directing sentencing courts to consider the "history and characteristics of the defendant"); he recognized Burton's history of violent crimes, including those involving weapons, *see id.*; he considered Burton's "problem with alcohol," *see id.*; he acknowledged Burton's "need of intensive and extensive treatment for mental issues as well as

4

alcohol and drug addiction," *see id.*; he mandated Burton's participation in a mental health and substance abuse program, *see* 18 U.S.C. § 3553(a)(2)(D) (directing sentencing courts to "provide the defendant with needed . . . correctional treatment"); and he acknowledged that this sentence "pose[d] the best prospect for [Burton] not appearing again in court," *see* 18 U.S.C. § 3553(a)(2)(C) (directing sentencing courts to "protect the public from further crimes of the defendant"). Because the district court considered numerous Section 3553(a) factors sufficient to permit appellate review, we find the sentence procedurally reasonable.

"A sentence may be considered substantively unreasonable when the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors[,] or giv[es] an unreasonable amount of weight to any pertinent factor." *Collington*, 461 F.3d at 808 (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)) (alterations in original). A variance (i.e., a sentence outside of the guidelines range) is "neither presumptively reasonable nor presumptively unreasonable." *United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006). "[W]hen the district court independently chooses to deviate from the advisory guidelines range (whether above or below it), we apply a form of proportionality review: the farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553(a) must be." *Davis*, 458 F.3d at 496 (alteration in original) (quotations omitted).

Burton asserts three arguments to establish that the district court issued an unreasonable sentence, which we will address in turn. Burton first claims that the district court's upward variance is substantively unreasonable because "he did not harm any other person" in the commission of his offense. Burton did not present this issue to the district court, and we will not fault the court for

failing to consider an argument not brought to its attention. Moreover, the nature of Burton's offense — being a felon in possession of a firearm — does not contemplate harm to another person; rather, prohibiting this sort of conduct is a prophylactic measure intended to keep dangerous weapons out of the hands of dangerous individuals. *See Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 118 (1983) (recognizing the "broad prophylactic purpose" embodied in 18 U.S.C. § 921 *et seq.*); *Huddleston v. United States*, 415 U.S. 814, 824 (1974) ("The principle purpose of the federal gun control legislation . . . was to [curb] crime by keeping firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency.") (quotations omitted). We therefore reject Burton's first argument as a basis for finding the sentence substantively unreasonable.

Burton next argues that the district court's upward variance was unreasonable because he introduced ample evidence that "he had started to turn his life around," thus diminishing "the need for a lengthy sentence." The court did not discuss Burton's recent attempts to improve his life, but this omission does not render the sentence unreasonable. *See United States v. Jones*, 445 F.3d 865, 871 (6th Cir. 2006) (rejecting the argument that a district court must explicitly address every defense argument for a decreased sentence). We can safely assume that the district court did not give much credence to Burton's purported life-changing experiences, choosing instead to focus on his extensive criminal history. We have previously recognized that a defendant's evidence regarding his "rehabilitation does not mean that the district court must discount [his] recidivism." *United States v. Matheny*, 450 F.3d 633, 641 (6th Cir. 2006). Indeed, we find no error in the district court's implicit rejection of Burton's attempts to obtain a more favorable sentence based on his recent transformation and newfound hope for a better life.

6

Burton finally contends that his sentence is substantively unreasonable because the district court overemphasized his criminal history, effectively punishing him twice for his criminal record. We reject this argument. We have previously acknowledged that it may be "reasonable for the district court to place substantial weight on [the defendant's] criminal history in reaching its sentencing determination." *Webb*, 403 F.3d at 384. Moreover, in *Matheny*, we found that a six-month upward variance was "reasonable in light of [the defendant's] criminal history and recidivism," specifically reasoning that the "district court's six-month enhancement was not an unreasonable way to ensure . . . [the defendant] understood that his recidivism [was] not acceptable." *Matheny*, 450 F.3d at 641. Here, the district court had good reason to emphasize Burton's extensive criminal history: he amassed twice the number of points needed for the highest criminal history category, Category VI. Because Burton's criminal history was "not fully accounted for in the criminal history category," *see id.*, we find that the district court acted reasonably in imposing a nine-month upward variance partially on that basis.

We also reject any notion that the district court's sentence improperly "double counted" Burton's past criminal conduct. The sentencing guidelines expressly authorize a district court to grant an upward departure where "the defendant's criminal history category substantially under-represents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes[.]" U.S.S.G. § 4A1.3(a)(1). Thus, the guidelines contemplate a situation, such as this, where the defendant's criminal history category does not adequately reflect his extensive criminal background. In such a situation, the guidelines authorize a district court to increase its sentence to account for the defendant's under-represented criminal history. We find that, as in the case of an upward departure under U.S.S.G. § 4A1.3(a)(1), the district court's upward variance did not "double

7

count" Burton's criminal history; rather, the court determined that the additional nine months of imprisonment were necessary to fully "count" Burton's extensive criminal past.

Having reviewed Burton's arguments and the record as a whole, we determine that the district court did not select the sentence arbitrarily, base the sentence on impermissible factors, or improperly weigh the Section 3553(a) factors. *See Collington*, 461 F.3d at 808. We therefore conclude that the sentence is substantively reasonable, finding support for this conclusion from other decisions in our circuit affirming upward variances as reasonable. *See, e.g.*, *United States v. Barton*, 455 F.3d 649, 658-60 (6th Cir. 2006) (affirming an upward variance of 43 months); *Matheny*, 450 F.3d at 640-42 (affirming an upward variance of six months); *United States v. Ferguson*, 456 F.3d 660, 666-67 (6th Cir. 2006) (affirming an upward variance of six months).

### III.

For the foregoing reasons, we **AFFIRM** Burton's sentence.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I concur in the judgment.