NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0673n.06
Filed: November 4, 2008

No. 07-6095

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICHAEL SHANE SPRINGER,

      Defendant-Appellant.

_____/

On Appeal from the United States District Court for the Western District of Tennessee

BEFORE:    GUY, RYAN, and McKEAGUE, Circuit Judges.

RYAN, Circuit Judge.      Michael Shane Springer was convicted on three counts of producing and distributing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(1). The district court sentenced Springer to 240 months' imprisonment, a term above the advisory guideline range, followed by a lifetime of supervised release. Springer claims on appeal that the district court lacked authority to impose a sentence above the recommended guideline range, because under Rule 32(h) of the Federal Rules of Criminal Procedure, the district court was not empowered to impose such a sentence in Springer's case unless it first gave Springer notice that it was considering an upward departure, and Springer was not given the required notice. We conclude that Springer was given adequate notice and we will affirm the district court's judgment.

**I.**

After Springer pleaded guilty to all three counts in the indictment, the probation office prepared a presentence investigation report (PSR) to assist the trial judge with sentencing. At the sentencing hearing and after reviewing the PSR, the district court assessed Springer a base offense level of 33 for each of the first and second counts to which he had pleaded guilty, involving coercion of a minor for the purpose of producing visual depictions. The court also assessed an offense level of 30 for the third count, possessing and trafficking in material involving sexual exploitation of a minor. The resulting advisory sentence guideline range was 235 to 293 months' imprisonment. Springer then requested and was granted a three-level credit for acceptance of responsibility, which reduced the advisory guideline range high end to 210 months' imprisonment.

The government asked the court to consider a sentence above the modified range because of the egregious circumstances of Springer's offenses. The court then advised Springer and his counsel that it was considering an upward departure as requested by the government, and gave Springer an opportunity to respond.

Springer's attorney stated that the court had no authority to make an upward departure because the defendant had not been given proper notice that the court was considering doing so. Springer's attorney also argued that an upward departure was not warranted by the circumstances of the case. The court responded that it was considering an upward departure because of the egregious circumstances of the offenses, and that it had given the defendant the required Rule 32(h) notice. The court then sentenced Springer to 240 months' imprisonment on each count, to run concurrently, followed by a

term of supervised release for life.  Springer now appeals the court's decision to sentence him outside the guideline range without prior notice.

## II.

We review <u>de novo</u> the legal issue of whether the defendant received sufficient notice of the grounds for departure from the advisory guideline range, as required by Rule 32(h).  <u>United States v. Matheny</u>, 450 F.3d 633, 637 (6th Cir. 2006).  Rule 32(h) provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure.  The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h).

This court has held that the notice requirement of Rule 32(h) remains in effect after <u>United States v. Booker</u>, 543 U.S. 220 (2005).  We have also held that notwithstanding the fact that the rule uses the word "depart" or "departure" four times and says nothing about a sentence "variance," the rule applies to both sentence departures and sentence variances.  See <u>United States v. Cousins</u>, 469 F.3d 572, 580 (6th Cir. 2006), <u>rev'd in part</u>, <u>Irizarry v. United States</u>, 128 S. Ct. 2198 (2008).

The government acknowledges that Springer was not given notice <u>before</u> the sentencing hearing that the district court was considering an upward departure, but argues that Rule 32(h) does not require advance notice and that the court's statement to Springer at the hearing that the court was considering an upward departure, coupled with the court's offer to give Springer and his counsel an opportunity to respond, was in full compliance with Rule 32(h).

In his brief on appeal, the defendant argues that "the district court failed to give the defendant <u>any</u> notice, reasonable or unreasonable, in accordance with Fed. R. Crim. P. 32(h) that it was contemplating an upward departure" (emphasis added); that the defendant did not receive "prior notice of the court's intent to depart upward"; that "[t]he only notice the defendant received was from the district court the day of the hearing"; and that such notice "is not reasonable as defined by Fed. R. Crim. P. 32(h) or under <u>Cousins</u>."

We observe in passing that after the parties' briefs were filed, the Supreme Court decided <u>Irizarry</u>, 128 S. Ct. 2198, in which it held that the notice requirement of Rule 32(h) does not apply to a variance from the recommended guideline range. The Court did not explicitly exempt upward departures from the notice requirement of Rule 32(h). <u>See id.</u> at 2203-04. Further, at oral argument, the government suggested that while the court had complied with the notice requirement of Rule 32(h), even if it had not, the rationale of <u>Irizarry</u> should apply to upward departures as well as to variances.

We need not decide whether the sentence given Springer was an "upward departure" or a "variance," thus implicating the <u>Irizarry</u> decision, because as we shall explain, we are satisfied that the court gave Springer reasonable notice that it was considering a "departure" from the recommended guideline range.

At the sentencing hearing, the government asked the court to consider an upward departure from the recommended guideline, after which the court stated to the defendant and his counsel:

> [T]he government has asked the court to consider an upward departure in this case, and I believe that the Presentence Report and the government's compelling statement would support the court considering that. <u>And so I want to give you an opportunity to respond to that should you wish to do so</u> because I do – I do think, as I said before, the government has set forth

factors which would warrant the court to consider an upward departure beyond the guidelines whether the court imposes that [or] not, <u>I will give you that opportunity</u>.

(Emphasis added.)

Defense counsel immediately responded that the defendant had been given no indication in "the government's position paper" or in the PSR that an upward departure was recommended, and stated:

> Based upon that, Judge, I would say that since we wouldn't have notice, that you would not been [sic] able to impose the sentence above 210 months at this point. Obviously if Your Honor would want to continue the hearing, that would give us notice, but at this point we would ask you to stick within – within the guideline range because of the lack of notice.

Before sentencing Springer to 240 months' imprisonment, the district judge stated "that the guidelines do not yield an appropriate range in [Springer's] case," and that "I am aware that I need to give you notice that I'm going to depart upward and I think I have given you that notice."

We, too, think the district court gave adequate notice under Rule 32(h). Defense counsel was apparently under the impression that the rule required notice prior to the day of sentencing, and in writing, that the court was considering an upward departure; there is no such requirement in the rule or in our cases. The rule requires only that "reasonable notice" be given.

It is clear from the district court's statement at sentencing that, not only was it considering a sentence above the recommended guideline range, it was also willing to give the defendant an opportunity to respond to what the court called "the government's compelling statement" calling for an upward departure. Rather than asking for a continuance of the sentencing hearing to take advantage of the court's invitation to

respond, defense counsel simply observed that "if Your Honor would want to continue the hearing, that would give us notice, but at this point we would ask you to stick within – within the guideline range because of the lack of notice."

We are satisfied that the district court complied with the notice requirement of Rule 32(h). The court advised the defendant with particularity of the reasons it was considering an upward departure, and gave defense counsel an opportunity to respond to the government's request. The district court was not required to do anything more.

**III.**

For these reasons, we **AFFIRM** the district court's judgment.