**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0274n.06
Filed: April 9, 2009

**No. 07-3838**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| VANCE FRAZIER, dba KV ASSOCIATES, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: SILER, COOK, and McKEAGUE, Circuit Judges.

**SILER**, Circuit Judge. Vance Frazier pleaded guilty to two counts of mail fraud and two counts of wire fraud stemming from his dealings as a "day trader," where he improperly used his investors' funds for his own personal gain. The district court sentenced Frazier to thirty months of imprisonment and five years of supervised release, the high end of the range calculated under the United States Sentencing Guidelines. Frazier appeals the reasonableness of his sentence. We affirm.

**BACKGROUND**

Between 2000 and 2001, Frazier represented to numerous individuals that he was a "day trader" for a business called KV Associates. He would solicit money from the individuals and tell them that he was investing the money in financial markets on their behalf. In reality, Frazier was

diverting the funds for his own personal use. He never invested this money on behalf of the individuals, and his victims lost over $200,000 in the scheme.

In 2005, Frazier was indicted for mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, in the United States District Court for the Northern District of Ohio. In 2006, F.B.I. agents and local police looked for Frazier in Florida. They spotted Frazier driving an automobile and attempted to arrest him by blocking his path with their vehicles. Frazier then attempted to flee by driving his vehicle over street curbs and yards at an accelerated rate of speed. A man was doing yard work in one of the yards Frazier drove through.

Eventually, Frazier attempted to drive over a curb near a pond and his vehicle got stuck with the wheels in the air. Frazier's wife and three young children were passengers in the car as it sat suspended on the curb, still engaged in "drive." Frazier exited the car and fled. He was eventually found hiding in a nearby boat.

Frazier later pleaded guilty to all four counts of the indictment. His plea agreement included a Guidelines computation, which stipulated that Frazier's offense level was eighteen or twenty, depending on whether the district court found a two-level adjustment under USSG § 3C1.2, reckless endangerment during flight.

The district court held that the two-level § 3C1.2 adjustment was warranted for two reasons: driving at high speeds through homes and yards created a substantial risk of death and serious injury, and leaving the car in "drive" with occupants inside is inherently reckless. The district court also deducted three levels for Frazier's acceptance of responsibility, resulting in a total offense level of seventeen with a recommended Guidelines range of twenty-four to thirty months because Frazier had no criminal history points.

Frazier was sentenced to thirty months imprisonment. The district court sentenced Frazier to the highest end of the Guidelines range based, in part, on two of Frazier's prior convictions that did not factor into Frazier's criminal history.[1] It held that the prior convictions demonstrated that Frazier had not learned from the past and did not respect the judicial system.

## STANDARD OF REVIEW

This court reviews challenges to the district court's sentencing determinations for reasonableness. *Gall v. United States*, 128 S.Ct. 586, 594 (2007). "We have now split our reasonableness review into two inquiries: procedural reasonableness and substantive reasonableness." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). We "must first ensure that the district court committed no significant procedural error . . . ." *Gall*, 128 S.Ct. at 597. After we are assured "that the district court's sentencing decision is procedurally sound, [we] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

## DISCUSSION

**A. Procedural Reasonableness**

Frazier argues that the district court failed to consider the relevant 18 U.S.C. § 3553(a) factors. Thus, he asserts that the district court's imposed sentence was procedurally unreasonable.

---

[1]According to testimony at the sentencing hearing, in 1997 Frazier was convicted of theft, receiving stolen property, forgery, and uttering. He was also convicted of fraud in 2005 in Canada, but was not sentenced because he returned to the United States. The two convictions did not apply to his criminal history category because he entered a diversion program for the first conviction and the second conviction was in a foreign jurisdiction.

To determine the procedural reasonableness of a sentence, we must first "ensure that the district court 'correctly calculat[ed] the applicable Guidelines range'" *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007) (*quoting Gall*, 128 S. Ct. at 596). "[O]ur second task is to ensure that the district judge gave 'both parties the opportunity to argue for whatever sentence they deem appropriate' and then 'considered all of the § 3553(a) factors to determine whether they support the sentence requested by [each] party.'" *Id.* (*quoting Gall*, 128 S. Ct. at 596). Lastly, we must ensure that the district court has "'adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Id.* (*quoting Gall*, 128 S. Ct. at 597).

Here, the district court correctly calculated the recommended sentencing range under the Guidelines and afforded both parties the opportunity to argue for the sentence they deemed appropriate at the sentencing hearing. The government presented evidence and Frazier and his counsel both argued on Frazier's behalf.

It was evident that the district court considered the § 3553(a) factors in the imposition of the thirty-month sentence even though it did not expressly discuss the factors at length. It stated, "I have consulted the advisory guideline range as well as the [§] 3553(a) factors." It then listed its reasons for the sentence. Among the reasons listed were: consideration of Frazier's history of past bad acts that resulted in conviction, that Frazier had not learned from the past, and that Frazier failed to express any fear of the judicial system. The court also ordered Frazier to pay restitution to the victims. These reasons relate directly to the factors listed in § 3553(a). Therefore, the district court's sentence of Frazier was procedurally reasonable.

**B. Substantive Reasonableness**

Frazier argues that his sentence is substantively unreasonable because the district court improperly considered his prior convictions and failed to consider certain § 3553(a) factors in sentencing him to the high end of the Guidelines range. Frazier also argues that the imposition of the two-level enhancement under USSG § 3C1.2 was unreasonable.

Since the district court followed the correct procedures and sentenced Frazier to a properly calculated, within-Guidelines sentence, there is a rebuttable presumption that the sentence was reasonable. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

Although Frazier argues that the district court improperly considered his prior convictions in sentencing, he does not identify any authority that precludes a court from taking these factors into consideration. To the contrary, the prior criminal history of the defendant–which was not considered in his criminal history category–is a valid factor for the district court to use in sentencing, and his prior criminal history demonstrates that he showed a lack of respect for the law and had not been adequately deterred from engaging in unlawful activities. 18 U.S.C. § 3553(a)(1), (2); *see United States v. Matheny*, 450 F.3d 633, 641 (6th Cir. 2006). The district court's use of Frazier's prior convictions that were not counted in his criminal history category as part of its rationale to sentence Frazier to the high end of the Guidelines was not improper or unreasonable.

Frazier's argument that the district court's sentence was unreasonable because it failed to give appropriate weight to other § 3553(a) factors, such as the protection of the public, future deterrence, or other sentences available, is unpersuasive. While the district court did not address these factors specifically, it is apparent from its rationale at the sentencing hearing that it considered them and afforded them the necessary weight.

Lastly, Frazier argues that the district court unreasonably applied the § 3C1.2 enhancement for reckless endangerment during flight. Section 3C1.2 states, "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."

Frazier readily admits to the first element of the enhancement, which is fleeing from law enforcement officers. He contends, however, that because he drove in a manner avoiding an accident, there was no substantial risk of serious bodily injury.

The district court's application of the enhancement was not unreasonable. Driving a car with passengers at a high rate of speed through a neighborhood and through yards and then leaving a vehicle in "drive" with the passengers still inside undoubtedly creates a substantial risk of serious bodily injury. Simply because no one was injured does not mean that Frazier did not create a substantial risk of injury. Many people were all at substantial risk of serious bodily injury during Frazier's flight, which is all that § 3C1.2 requires. Thus, an enhancement on this basis was not unreasonable.

AFFIRMED.