NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0107n.06

Case No. 24-5246

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Feb 26, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| TIMOTHY D. MORMAN, | ) ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

Before: MURPHY, DAVIS, and BLOOMEKATZ, Circuit Judges.

DAVIS, Circuit Judge. Timothy Morman pleaded guilty to possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and to possessing a firearm in furtherance of a drug trafficking crime. Despite the parties' agreement with the Presentence Report's (PSR) recommendation for a within-Guidelines sentence of 120 months' imprisonment, the district court imposed a sentence of 156 months' imprisonment. Morman appeals this sentence as substantively unreasonable. We AFFIRM.

**I.**

On September 16, 2022, Johnson County Sheriff's Office deputies executed a search warrant at Morman's residence after receiving complaints about his alleged narcotics trafficking; intercepting one of his recent customers; and learning of a statement by Mormon to this drug

customer that he "had anything and everything you wanted." During the search, officers seized over 68 grams of methamphetamine; an assortment of other drugs, including fentanyl, oxycodone, cocaine, marijuana, Buprenorphine, Gabapentin, Diazepam, and LSD blotter paper; as well as six loaded firearms, drug paraphernalia and trafficking tools, and $1,100 cash. A federal grand jury indicted Morman on three counts. He pleaded guilty to two: possession with intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court dismissed the third count, which charged felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The district court sentenced Morman to 96 months' imprisonment for the drug offense with 60 months consecutive for the firearm offense, totaling 156 months. The district court based this upward variance from the 120-month U.S. Sentencing Guidelines calculation contained in the PSR on its consideration of the 18 U.S.C. § 3553(a) sentencing factors, including the seriousness of the offenses, Morman's criminal history, and his conduct during and after the search, which included fleeing from law enforcement and making threats about his firearms. Morman argues this variance is substantively unreasonable because the district court improperly relied on factors already accounted for in the Guidelines and considered unscored prior criminal conduct.

## II.

We review claims challenging the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 40–41 (2007). To be substantively reasonable, a sentence must be "proportionate to the seriousness of the circumstances of the offense and offender" and "sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (citations and internal quotation marks

omitted). In employing this standard, we look to the "totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S at 51.

Sentences within the advisory Guidelines range enjoy a presumption of substantive reasonableness on appeal. *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020). But the converse is not true; a sentence outside the Guidelines is not presumptively unreasonable. *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016). Nevertheless, we still afford "due deference" to a district court's decision to vary from the Guidelines. *Gall*, 552 U.S. at 51. And the fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

### III.

The statutory penalty for possessing with the intent to distribute 50 grams or more of a mixture containing methamphetamine is a mandatory minimum of five years' and a maximum of 40 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(viii). The statutory penalty for possessing a firearm in furtherance of a drug trafficking crime carries a minimum sentence of five years' and a maximum of life imprisonment, to be served consecutively to "any other term of imprisonment imposed on the person." 18 U.S.C. §§ 924(c)(1)(A)(i), (D)(ii). At the same time, the advisory Guidelines range for each of Morman's offenses was 60 months, resulting in an aggregate Guidelines sentence of 120 months. U.S.S.G. § 5G1.1(b); U.S.S.G. § 2K2.4(b). At sentencing, Morman's counsel acknowledged the "very serious" nature and circumstances of his offenses, but advocated for the minimum statutory sentence, based largely on Morman's family history, work history, and deteriorating health. (Sent'g Tr., R. 38, PageID 173). Likewise, the government also supported a within-Guidelines sentence of 120 months' imprisonment.

After hearing from both sides at the sentencing hearing, the district court applied the § 3553(a) sentencing factors. The court first considered the nature and circumstances of the offenses, noting that the Guidelines did not fully capture the seriousness of Morman's conduct. For example, the Guidelines did not account for the variety of substances Morman possessed, his attempt to flee, and his declarations that law enforcement would have trouble bringing him into custody due to his firearms. Next, the court considered Morman's history and characteristics, with a particular focus on his criminal record. Even though Morman had fourteen convictions since turning eighteen, only two counted toward his criminal history points for purposes of calculating the applicable Guidelines range. The court highlighted the "pattern of criminal conduct" revealed by Morman's accumulation of nine convictions between the ages of nineteen and thirty-three; included among these were convictions for burglary, theft, drug trafficking, and driving under the influence, all of which posed significant risks to public safety. (Sentence Tr., R.38, PageID 182).

The district court also considered mitigating factors, including Morman's upbringing, family history, work history, age, and medical conditions. These factors, it concluded, did not outweigh the seriousness of Morman's offenses, the danger he continued to pose to the public, or the need to promote respect for the law and to provide for both specific and general deterrence. In the end, the court decided that a longer sentence was necessary and imposed an upward variance of 36 months on the controlled-substance charge.

## IV.

When a court decides that an above-Guidelines sentence is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. The district court should fashion a sentence after making an "individualized assessment based on the facts presented" by the defendant's case. *Id.*

Though a major departure requires "a more significant justification than a minor one," we recognize that sentencing courts exercise discretion, not mathematical precision. *Id.* at 49–50. Moreover, each § 3553(a) factor can weigh differently depending on the case. *See id.*; *cf. United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (affirming a variance based on deterrence and retribution).

Morman challenges the district court's justification, arguing that the Guidelines range and the statutory minimum sentence adequately capture the severity of his methamphetamine trafficking, making any upward variance excessive. But the statutory minimum for Morman's controlled-substance charge is based on drug amount alone, and the advisory nature of the Sentencing Guidelines permits courts to deviate when aggravating factors warrant. *See* 18 U.S.C. § 3553(b)(1); *United States v. Booker*, 543 U.S. 220, 246 (2005). In this case, the district court properly considered the totality of the circumstances of Morman's offenses, not just the drug weight involved in Morman's trafficking activities. For instance, the district court expressly took into account Morman's conduct before, during, and after the search of his home. This conduct included his own representations that he enjoyed virtually unfettered access to a plethora of drugs, his suggestion that his firearms cache would make it difficult for law enforcement to apprehend him, and his multiple attempts to flee. And since "the [G]uideline range [did] not adequately take into account those activities," the court imposed a 36-month upward variance to address them. (R. 38, PageID 182). We think the district court reasonably concluded that taking these facts into account served the statutory objectives of § 3553(a). We, therefore, detect no abuse in the court's exercise of its discretion in this regard.

Morman also argues that the district court abused its discretion by considering prior criminal conduct not scored as part of the Guidelines' criminal history calculations. But this claim

overlooks the court's broad authority under § 3553(a) to factor in "the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2). The district court's discretion is not limited to considering the convictions that contributed to the criminal history points used to calculate the advisory Guidelines range. On the contrary, the court may consider whether the calculated criminal history score "fully capture[d]" the significance of Morman's prior criminal conduct—even if the prior conduct did not result in a conviction or was otherwise excluded from the PSR calculation. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 589–90 (6th Cir. 2009). And courts may look beyond the criminal history score when determining a sentence to consider factors that serve broader sentencing objectives like protecting the public and addressing the defendant's disregard for the law. *See United States v. Matheny*, 450 F.3d 633, 641 (6th Cir. 2006) (upholding an upward departure when the defendant's criminal history points failed to fully account for his repeated unlawful conduct). Ultimately, as long as the sentence is reasonable under the § 3553(a) factors, a district court retains the discretion to impose an above-Guidelines sentence.

In justifying a higher sentence here, the district court detailed Morman's troubling pattern of criminal activity spanning decades and considered the fact that a large swath of this criminal activity did not impact Morman's criminal history score under the Guidelines because of its age. Yet this history included multiple convictions for burglary, drug trafficking, and theft, as well as egregious offenses involving sexual misconduct with a minor. The court explained that these offenses showed a significant likelihood of recidivism as well as an ongoing danger to the public, and these concerns were not adequately captured by the advisory sentencing range. Moreover, even considering the mitigating factors Morman raised—his upbringing and health conditions— the court concluded that they were insufficient to outweigh the seriousness of the offenses, his

troubling and lengthy criminal history and the potential risks to the public that would be posed by the Mormon's release. This thorough and reasoned analysis, grounded in the § 3553(a) factors, sufficiently supports imposing an above-Guidelines sentence.

Ultimately, Morman's argument boils down to a disagreement with how the court weighed the sentencing factors. But by our review, the district court's careful consideration of the § 3553(a) factors "is just the sort of balancing a sentencing court should be doing." *United States v. Brinley*, 684 F.3d 629, 638 (6th Cir. 2012) (citation omitted). Because the district court provided sufficient reasons, consistent with the statutory sentencing factors courts must consider, justifying its determination that the statutory minimum was insufficient to satisfy the aims of § 3553(a), Morman has not demonstrated his sentence is substantively unreasonable.

**V.**

We AFFIRM.