GRIFFIN, J.,
dissenting.
I respectfully dissent. I would affirm the district court on the basis that it did not abuse its discretion in sentencing defendant. Under the totality of the circumstances, defendant’s sentence is substantively reasonable.
Even if Melchor’s conduct with the victim, J.S., was already accounted for in the Guidelines computations underlying the five-level enhancement applied by the district court pursuant to U.S.S.G. § 2G2.2(b)(5), “[t]he sentencing guidelines expressly authorize a district court to grant an upward departure where ‘the defendant’s criminal history category substantially under-represents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes.’ ” United States v. Burton, 241 Fed.Appx. 316, 321 (6th Cir.2007) (quoting U.S.S.G. § 4A1.3(a)(l)) (alterations in original); see also United States v. Lanning, 633 F.3d 469, 475-76 (6th Cir.2011). Section 2G2.2(b)(5) only requires two prior instances of sexual abuse or exploitation of a minor to justify application of the enhancement, but Melchor’s conduct with J.S. was his fourth such offense. Because this is a case in which the criminal history category under the advisory Guidelines underrepresented the seriousness of Melchor’s criminal history, I conclude that the district court did not abuse its discretion by considering Melchor’s conduct with J.S. in imposing the above-Guidelines sentence.
In any event, Melchor’s high risk of recidivism independently supports the 98-month variance imposed by the district court. As the majority notes, the sentencing record is replete with indications of Melchor’s strong propensity to re-offend. In addition to his own admissions to this effect made to the district court during allocution, Melchor advised his probation officer, prior to sentencing, that it was “too programmed” in him to change and he “d[id] not believe counseling will change” him; he further admitted that he “likes young females” and he “does not think it will go away.” Melchor told the officer that he did not feel he had a choice — he was labeled as a sex offender and “ful-fillfed] the prophecy of the label.” On the basis of these admissions, the PSR recommended an upward variance from the advisory Guidelines range to protect the public from Melchor, “a repeat and dangerous sex offender who, by his own words, [was] not amenable to counseling or incarceration.”
The district court expressly agreed with this characterization and cited Melchor’s incorrigible behavior as the basis for its decision to impose the upward variance, stating:
I’m not going to accept in whole the recommendation of 480 months from the presentence writer, but I’m going to vary upwards to 360 months. Let me explain why, and it’s basically the same reasons set forth by the presentence writer, and that is even based on his allocution here today, there doesn’t seem to be any hope in my judgment, anyway, that the defendant’s going to change. So he ought to be incarcerated for that period of time that he will be disabled from engaging in this kind of activity, and I would hope that when he gets into his 60s, just because of age if nothing else, this kind of activity will stop.
*451 In other words, I’m not counting on any kind of counseling changing this kind of behavior. He was convicted here. He was then charged with almost the same kind of conduct when he violated his supervised release. This goes back all the way to the Oklahoma case that was sent up here. But he has been enrolled in a sex offender program. He admits being fixated on young girls. He likes young females. He says that he doesn’t have a choice. I refer the parties and the Court of Appeals ... to Paragraph 72 [of the PSR].
The court concluded, in sum, that “[tjhere’s a variance upwards, as I said, of about a hundred months on this because I just, you know, bluntly, I see very little hope for any kind of change in his behavior.”
Given the abundant evidence demonstrating that Melchor was more likely to re-offend than the average sex offender, the upward variance imposed by the district court was warranted and reasonable on this ground alone. I would affirm.