**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0077n.06

Case No. 18-1698

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 14, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| IGNACIO MONJE-VASQUEZ, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. After unlawfully entering the United States three times, committing fifteen crimes, and lying about his identity, Ignacio Monje-Vasquez received an above-guidelines sentence of twenty-four months in prison. He claims his sentence was both procedurally and substantively unreasonable. We affirm.

I.

Ignacio Monje-Vasquez, a Mexican national, has illegally crossed the United States border three times. The first time, the United States sent him back to Mexico. The second time, he stayed long enough to commit fifteen crimes, get married, and have a child. When immigration officials ultimately caught up with him, he was deported. Yet he came right back a third time, and approximately eight years later immigration officials found and arrested him. When they did, he

gave the officers a false name and identification. But when the officers tried to fingerprint him, he confessed.

Monje-Vasquez pled guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a). His sentencing guidelines range was 10 to 16 months. Based in part on the guidelines underrepresenting Monje-Vasquez's criminal history, the district court varied upwards and sentenced Monje-Vasquez to twenty-four months in prison and one year of non-reporting supervised release. This appeal followed.

## II.

Monje-Vasquez first argues that his sentence is procedurally unreasonable because the district court failed to address two of his mitigation arguments: (1) that his time in ICE custody and impending deportation should count as "punishment," and (2) that a long prison sentence will negatively impact his family. But during his sentencing, he did not object to the district court's explanation—even when he was given the opportunity to do so. So we review his claim for plain error. *United States v. Taylor*, 800 F.3d 701, 713–14 (6th Cir. 2015) (citing *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)).

District courts have an obligation to explain their sentences so we can provide "meaningful appellate review." *United States v. Chiolo*, 643 F.3d 177, 182 (6th Cir. 2011). The district court did that here. It imposed a twenty-four-month sentence—eight months above the guidelines range—because Monje-Vasquez had an extensive criminal history (which the guidelines calculation did not reflect) and used a false identification upon arrest. The district court also explained that the other § 3553(a) factors supported the eight-month upward variance.

Monje-Vasquez argues that the district court's reasoning was insufficient. He suggests that district courts should be required to consider the impact that deportation will have on the defendant

and his family. The district court erred, he claims, by not doing so here. But, as he acknowledges, there is no binding law requiring a district court to do so. *See United States v. Odeh*, 815 F.3d 968, 983 (6th Cir. 2016) (declining to decide whether district courts may consider deportation). And without binding law, the district court's decision cannot be plain error. *See United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) (holding that a lack of binding precedent "that answers the question presented will . . . preclude our finding of plain error").

In any event, a district court need not address every argument "point-by-point." *Odeh*, 815 F.3d at 983. Here, Monje-Vasquez was given the opportunity to make his mitigation arguments and did so in both his sentencing memorandum and at the sentencing hearing. The district court referenced Monje-Vasquez's deportation when imposing non-reporting supervised release. And he did not object to the district court's explanation when given the opportunity to do so. *See Vonner*, 516 F.3d at 388; *see also Puckett v. United States*, 556 U.S. 129, 134–35 (2009) (explaining that plain error review assists both district and appellate courts because "errors are a constant in the trial process," so a contemporaneous objection brings the issue to the district court's attention and allows the appellate court to remedy only the most serious errors (quoting *United States v. Padilla*, 415 F.3d 211, 244 (1st Cir. 2005) (en banc) (Boudin, C.J., concurring))). Thus, there was no error, plain or otherwise.

### III.

Monje-Vasquez next challenges the substantive reasonableness of his sentence. His twenty-four-month sentence is substantively unreasonable, he argues, because the court put too much weight on his criminal history and impermissibly considered an unadjudicated criminal charge from 2011. We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Sexton*, 889 F.3d 262, 265 (6th Cir. 2018).

*Criminal history*. Monje-Vasquez argues that his prior convictions should not have led to an upward variance because he has rehabilitated himself over the past eight years. Monje-Vasquez is correct that his fifteen convictions occurred between 2001 and 2010—before his most recent reentry. Most of those convictions, however, did not count towards his criminal-history score because of various technicalities in the sentencing guidelines. And, as the district court noted, this was his third unlawful entry into the country, and when immigration officials arrested him, he lied to them and provided them with a false identification. In short, there was ample reason to vary upwards, so the court did not abuse its discretion when it rejected Monje-Vasquez's rehabilitation argument and did so. *See United States v. Tristan-Madrigal*, 601 F.3d 629, 635 (6th Cir. 2010) ("[The defendant's] history of four drunk-driving arrests and four unauthorized reentries over a time span of less than eight years leads us to conclude that [an upward variance] was not unreasonable."); *United States v. Herrera-Zuniga*, 571 F.3d 568, 589–90 (6th Cir. 2009).

*2011 arrest*. Shortly after Monje-Vasquez came back into the country a third time, he was once again arrested for larceny. This time, however, he did not show up for court, so the court did not make a final adjudication of this crime. Therefore, Monje-Vasquez argues, it was improper for the district court to rely upon this arrest. Since this argument was never presented to the district court, we review it for plain error. *See Vonner*, 516 F.3d at 391–92. Here, the district court simply mentioned the fact of the arrest and bench warrant. It did not indicate that it was relying upon the arrest to sentence him. *See United States v. Blake*, 496 F. App'x 584, 588 (6th Cir. 2012) ("Paraphrasing aloud the PSR does not amount to proof that the district court relied on these arrests in forming its opinion."). Indeed, the district court did not need this arrest to vary upwards. Fifteen other convictions provided that basis. Simply mentioning the fact of an arrest is not an abuse of discretion, let alone plain error. *See United States v. Collins*, 799 F.3d 554, 595–96 (6th Cir. 2015)

(holding that "merely referr[ing]" to something that may be an impermissible factor is not an abuse of discretion); *Blake*, 496 F. App'x at 588 (finding no abuse of discretion when district court mentioned but did not rely on the defendant's prior arrests).

We affirm.