NOT RECOMMENDED FOR PUBLICATION

File Name: 22a0054n.06

No. 21-3243

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 27, 2022
DEBORAH S. HUNT, Clerk

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
|  | ) |
| v. | ) |
|  | ) |
| COREY BROWN, | ) |
| Defendant-Appellant. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

Before: SUHRHEINRICH, WHITE, and STRANCH, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Corey Brown appeals his sentence of 288 months' imprisonment for conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances. Brown challenges the district court's consideration of his previous arrests, dismissed cases, and pending cases; the role of drug weight in determining his sentence; the district court's alleged failure to consider Brown's post-offense rehabilitation; the length of his sentence compared to his coconspirators' sentences; and the district court's failure to consider a purported plea offer by the government. Because Brown's sentence was procedurally and substantively reasonable, we AFFIRM.

**I.**

In mid-June of 2017, Brown shipped about two kilograms of cocaine from California to Ohio. Federal law-enforcement officers intercepted the package and identified Brown as the sender. The package was not delivered.

In September 2017, Brown asked an unindicted coconspirator to ship over two kilograms of methamphetamine from California to Ohio. Officers intercepted the package, seized the drugs, and put the package back into circulation. A postal carrier, Marquacia Morris, did not deliver the package to the address on the label; she delivered it instead to Devon Williams, who paid her $300. Morris had provided Brown with addresses on her route so that he could send packages containing drugs, which Morris would then divert from her route and deliver to Williams.

Officers arrested Morris and Williams, who participated in the delivery of methamphetamine in September 2017 but not the shipment of cocaine in June 2017. Officers arrested Brown in May 2019.

A federal grand jury indicted Brown on one count of conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846. Brown pleaded guilty without a plea agreement, and the district court accepted his plea.

Based on the weight of the drugs involved, Brown's base offense level under the sentencing guidelines was 36. With a two-level upward adjustment for his leadership role and a three-level downward adjustment for his acceptance of responsibility, his total offense level was 35, which, together with his criminal-history category of 4, yielded a guidelines range of 235–293 months' imprisonment.

At sentencing, Brown requested that the district court strike paragraphs 55 through 66 of the Presentence Report (PSR), which listed dismissed charges. One of the dismissed charges was for murder in Ohio.[1] Brown did not object to the court's consideration of those paragraphs for

---

[1] The alleged murder occurred in 2015, and the charge was dismissed in 2019. The government explained that the murder charge was dismissed "because [the State's] case was moving faster than the federal case, and [the State] wanted to make way for the federal case to proceed. . . . Therefore, [the State] . . . dismissed [the charge] for procedural reasons, but will be refiling their case." R. 36, PID 244.

purposes of sentencing, but he requested that the court strike the paragraphs for potential consideration by the Bureau of Prisons in determining proper programming for Brown in prison. The district court retained the dismissed charges, including the murder charge, in the PSR, but stated that it was "not going to give [the murder charge] consideration for purposes of sentencing." R. 36, PID 245. After considering the relevant sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Brown to 288 months' imprisonment. Before adjourning the hearing, the district court inquired whether Brown's counsel had "any additions, comments[,] or objections under [*United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004)]." R. 36, PID 285. Brown's counsel made no objections in response to the *Bostic* question. Brown appealed his sentence.

## II.

We review the procedural and substantive reasonableness of the district court's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Generally, we review for abuse of discretion procedural challenges raised at sentencing. *See id.* at 51; *United States v. Jeter*, 721 F.3d 746, 755 (6th Cir. 2013). "*Bostic* suggested that district courts, after announcing a proposed sentence, 'ask the parties whether they have any objections to the sentence . . . that have not previously been raised.'" *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) (quoting *Bostic*, 371 F.3d at 872). We review for plain error procedural challenges not raised in response to the *Bostic* question and not otherwise raised at sentencing. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 578–79 (6th Cir. 2009); *Vonner*, 516 F.3d at 385–86; *Bostic*, 371 F.3d at 872–73. However, "[a] defendant . . . is not required to object to the substantive reasonableness of his sentence to preserve that issue for appeal." *Herrera-Zuniga*, 571 F.3d at 578. We review challenges to the substantive reasonableness of a sentence for abuse of discretion. *Gall*, 552 U.S. at 51.

Under abuse-of-discretion review, we ask whether the district court "relie[d] on clearly erroneous findings of fact, applie[d] the wrong legal standard, misapplie[d] the correct legal standard when reaching a conclusion, or ma[de] a clear error of judgment." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 n.2 (6th Cir. 2021) (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014)). Under plain-error review, a defendant must show "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386 (internal quotation marks omitted).

## A. Procedural Reasonableness

"A sentence is procedurally unreasonable where the district court fails to properly calculate the Guidelines range, 'treat[s] the Guidelines as mandatory, fail[s] to consider the [18 U.S.C.] § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence.'" *Jeter*, 721 F.3d at 756 (quoting *Gall*, 552 U.S. at 51).

Brown argues that the district court erred in considering his previous arrests, dismissed state murder charge, and pending charges—a procedural challenge not raised at sentencing. Appellant's Br. at 17–19. We have held, however, that district courts at sentencing may consider some prior arrests, *see United States v. Matheny*, 450 F.3d 633, 642 (6th Cir. 2006) (concluding that "district courts may consider prior arrest records only when the PSR provides specific facts surrounding the arrest"); uncharged conduct, *see United States v. Rayyan*, 885 F.3d 436, 441 (6th Cir. 2018); acquitted conduct, *see United States v. White*, 551 F.3d 381, 386 (6th Cir. 2008) (en banc); and pending charges, *see United States v. Werman*, 828 F. App'x 316, 319 (6th Cir. 2020) (collecting cases). In any event, the district court only mentioned in passing Brown's dismissed charges and prior arrests that did not lead to charges. *See* R. 36, PID 266 ("Other criminal conduct,

well, pretty consistent with what we've seen so far."); *id.* at PID 267 ("Other arrests, we have an assault and grand theft auto. No charges filed in those cases."). Accordingly, the district court cannot be seen to have relied on those dismissed charges and arrests at sentencing. *See United States v. Blake*, 496 F. App'x 584, 588 (6th Cir. 2012) ("[T]he record indicates that the district court did little more than recite each instance listed in the PSR. Paraphrasing aloud the PSR does not amount to proof that the district court relied on these arrests in forming its opinion." (citations omitted)). And although the district court referred to Brown's dismissed state murder charge at the sentencing hearing, the court explicitly stated that it was not considering the charge for purposes of sentencing. Thus, the district court did not plainly err insofar as it discussed Brown's alleged prior crimes in fashioning its sentence.

## B. Substantive Reasonableness

"A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Jeter*, 721 F.3d at 757 (quoting *United States v. Shaw*, 707 F.3d 666, 674 (6th Cir. 2013)). "A sentence falling within the Guidelines range is presumptively reasonable; one falling outside the Guidelines range carries no such presumption." *Id.*

Brown argues that the drug weight associated with his offense does not reflect his culpability; he suggests that "[d]rug quantity may well be a kind of accident, depending on the fortuities of law enforcement or even the market, as much as it reflects the defendant's culpability." Appellant's Br. at 14. The sentencing guidelines, however, contemplate a court's consideration of drug quantity in calculating a defendant's base offense level for a drug offense. *See* U.S. Sent'g Guidelines Manual §§ 2D1.1(a)(5), (c) (U.S. Sent'g Comm'n 2018). For the drug weight involved

in Brown's conspiracy, the guidelines prescribe a base offense level of 36, which the district court correctly calculated. *See id.* § 2D1.1(c)(2). And Brown has not pointed to specific aspects of his crime suggesting that discounting the guidelines' dependence on drug weight would have been appropriate in this case. Thus, the district court's reliance on the drug weight associated with Brown's offense does not support his argument that his sentence was substantively unreasonable.

Next, Brown asserts that the district court erred in not considering his post-offense rehabilitation. *See* Appellant's Br. at 15–16. He notes that since his arrest, he has "availed himself of virtually every[] in-custody program that was made available to him," he completed the "Go-Forward Program," and he has not received any reports reflecting misconduct in prison. *Id.* at 16. At the sentencing hearing, however, the district court stated that it had considered Brown's completion of in-custody programs as well as letters sent on Brown's behalf. The district court weighed those mitigating factors against aggravating factors in determining Brown's sentence. The district court did not abuse its discretion in acknowledging Brown's post-offense rehabilitation yet declining to vary downward from the guidelines range based on the sentencing factors collectively.

Brown also argues that his sentence is substantively unreasonable because it is significantly greater than his coconspirators' sentences. *Id.* at 16–17. Brown was sentenced to 288 months' imprisonment; Morris and Williams were sentenced to 97 months and 180 months, respectively. *Id.* at 17. But the facts of Brown's offense and his coconspirators' offenses are different: unlike his coconspirators, in addition to the September package, Brown mailed a two-kilogram package of cocaine in June. The government highlights additional differences in the coconspirators' roles, criminal-history categories, and personal history and characteristics. *See* Appellee's Br. at 30.

Brown has not explained why, notwithstanding those differences, the relative length of his sentence rebuts the presumption that his sentence was reasonable.

Finally, Brown claims that the government offered him a plea deal, which Brown did not accept but which would have recommended a 168-month sentence had he accepted it. Appellant's Br. at 15. Brown asserts that by the time he secured new counsel, who advised him that he should have accepted the plea offer, the offer was no longer available. *Id.* Brown cites no case law and offers no legal theory regarding how his rejected plea offer renders the district court's sentence substantively unreasonable. And any complaints about Brown's counsel must be addressed in a habeas petition because the record lacks evidentiary support for Brown's assertion that the government made a plea offer in the first instance. *See United States v. Reid*, 764 F.3d 528, 532 (6th Cir. 2014). Accordingly, the alleged rejected plea offer is not a valid basis for concluding that Brown's sentence was substantively unreasonable.

Because Brown's sentence was procedurally and substantively reasonable, his challenges to his sentence are unavailing.

**III.**

For the foregoing reasons, we AFFIRM the district court's judgment.